JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Perla Centella

**DEFENDANTS**

United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro Se
P.O. Box 5100
Adelanto, CA 92301

**ATTORNEYS (IF KNOWN)**

**'07 CV 2348 LAB**

U.S. Attorney

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2255

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appelate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Burns    Docket Number 06CR1195

DATE

SIGNATURE OF ATTORNEY OF RECORD

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **SOUTHERN CALIFORNIA** |
|---|---|

| Name under which you were convicted: **PERLA CENTELLA** | Docket or Case No.: **06CR1195-LAB** |
|---|---|

| Place of Confinement: **P.O. BOX P.O. BOX 5100 ADELANTO, CA** | Prisoner No.: **99491-198** |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) **PERLA CENTELLA** |
|---|---|

### MOTION        **'07 CV 2348 LAB**

(a) Name and location of court that entered the judgment of conviction you are challenging.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTHERN CALIFORNIA**

(b) Criminal docket or case number (if you know): **06CR1195 LAB**

2. (a) Date of the judgment of conviction (if you know): **FEBRUARY 12, 2007**

(b) Date of sentencing: **FEBRUARY 12, 2007**

3. Length of sentence: **36 MONTHS**

4. Nature of crime (all counts): **TITLE 8 1324 (A)(2) (B) (II) AND 18 2: BRINGING IN ILLEGAL ILIENS FOR FINANCIAL GAIN AND AIDING AND ABETTING.**

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐        (2) Guilty ☒        (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐     No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒☒☒

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒☒

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ☒☒  No ❑

(2) Second petition:    Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

GROUND ONE:   **INEFFECTIVE ASSISTANCE OF COUNSEL**

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
                    **SEE ATTACHED**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☒☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** __VIOLATION OF PLEA AGREEMENT__

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

                    **SEE ATTACHED**

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No **XX**

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No **XX**

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No **XX**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No **XX**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No **XXXX**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: ___ **VIOLATION OF RIGHT TO APPEAL** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)
**SEE ATTACHED**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ . No **XX**

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No **XX**

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No **XXX**

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No **XX**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No **XX**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: __**VIOLATION OF PRESENTENCE REPORT**__    **(RULE 32)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No **XX**

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No **XX**

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition _____

Name and location of the court where the motion or petition was filed _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No **XX**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No **XX**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No **XX**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☒☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.\* **THIS MOTION IS WITHING THE ONE YEAR LIMIATATION**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ (month, date, year).


Executed (signed) on ___11/24/07___ (date).


_____
Signature of Movant

XXXXXXXXXXXXX    PERLA CENTELLA

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____


## IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]

. . . . .

PERLA CENTELLA # 99491-198
FEDERAL CORRECTIONAL CAMP
P.O BOX 5100
ADELANTO, CA. 92301


UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
CALIFORNIA


| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　　　　RESPONDENT<br><br>V<br><br>PERLA CENTELLA<br>　　　　　　　　PETITIONER | ) <br> ) <br> ) <br> )CRIMINAL CASE # 06CR1195-LAB<br> ) <br> )MOTION TO VACATE OR REDUCE SENTENCE<br> )BASED ON A §§ 2255 MOTION<br> ) <br> ) |


MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S APPLICATION FOR WRIT
OF HABEAS CORPUS PURSUANT TO 28 UNITED STATES
CODE §§§ 2255


As a matter of introduction , Petitioner respectfully submits that
the events which traspired in the instant case constitute a denial of
Petitioner's Due Process rights, as guaranteed by the Fifth Amendment
to the United States Constitution, her right to effective assistance
of appellate counsel as guaranteed by the Sixth Amendment, and of facial
constittuional challenges related to Petitioner's sentencing, In short
the Petitioner submits that her conviction and the legality of her
detention in the instant case should be vacated in light of these
constitutional vioaltions. In the alternative and at the very last as
required by the protections of §§28 U.S.C 2255 , the Petitioner
deserves an evidentiary hearing to present these issues as well as
supporting evidence.

## STATEMENT OF ISSUES UNDER CONSIDERATIONS

Petitioner Centella requests that this Court adjudicate the following issues of law as it considers the Petitioner's application for relief pursuant to 28 U.S.C. § 2255

    (a) **FIFTH AMENDMETN DUE PROCESS ABRIDGMENT**
Petitioner's conviction was obtained notwithstanding a breach by the Government of a plea agreement.

    (b) **SIXTH AMENDMENT RIGHT TO COUNSEL ABRIDGMENT**
Petitioner's conviction and sentence were tainted as Petitioenr did not receive effective assistance of counsel during the petitioner's process of her case and the underlying criminal proceedings. If petitioner counsel had raised the issues raised and file an appeal justice would have been accomplished and petitioner more than likely would not be seeking post conviction.

    (c). **ADDITIONAL FIFTH AND SIXTH AMENDMENT VIOLATIONS:**
Petitioner's sentence was further tainted in that its calculation and reliance on the unconstitutionally applied Sentencing Reform Act of 1984 violated Petitioner's Fifth and Sixth Amendment Rights.

## JURISDICTION

The Jurisdiction of this post-conviction remedy, as well as the scope of its application , is established within the statutory framework of 28 U.S.C. §§2255 and the historical protections in the Federal Constitution . Specifically, an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall only be entertained if it appears that the applicant has failed to apply for relief, unless it also appears that the remedy by motion is inadequated or ineffective or ineffective to test the legality of his detention (emphasis added).

Petitioner Centella maintains that the underscored language entitles her to have her claims decided in a § 2255 petition, because she is barred from having them decided on direct appeal a 28 U.S.C. 2255 motion proceeding making "the remedy by motion [] inadequate or ineffective to test the legality of his detention " Since Petitioner counsel decided not to file petitioner's appeal depriving her of her Constitutional rights.

For all these reasons petitioner pray that this Honorable Court accept this Motion and Grant petitioner a re-hearing and allow her to have a sentence reduce, do to the fact that petitioner feels that not having the effective assistance of counsel she was deprived of her **SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

## STATEMENT OF THE CASE

The petitioner is a Federal Inmate at a Federal Correctional Camp
in the City of Adelanto, Ca. . She is serving a sentence of 36 months
for Title 8 1324 (A)(2)(B)(II) and 18: 2 BRINGING IN ILLEGAL ALIENS FOR
FINANCIAL GAIN AND AIDING AND ABETTING.

THE convictions were entered pursuant to a Judge decicion in criminal
case 06CR1195-LAB before the Honorable Burns  in the United States
District Court of the Southern District of California.

Petitioner Centella feel that from beginning to end there was a conflict
of interest do to the fact that counsel was so ineffective that never help
petitioner in the process of her case.  Counsel never help petitioner ,
and look for mitigating factors to help petitioner in her case, counsel was
so ineffective that never help petitioner to make the right decision. Petitioner
Centella feel that not knowing the law of the United States and not having
the effective assistance of counsel that never help petitioner to make the
right decision. Petitioner Centella feels that 36 months is a very unjust
sentence for  the crime committed  and after her sentence petitioner mention
to counsel that she did not agree with the sentence impose and that she
wanted him to appeal her case, but counsel was so ineffective that never took
the time to explain petitioner, and look for mitigating factors to help
petitioner on her case and all these deprived petitioner of all her consti-
tutional rights.

DUE PROCESS  In an opinion by Justice John Paul Stevens, the court easily
disposed of the defendant's argument that due process principles requires that
the burden of proof on a claim of duress be allocated to the prosecution

the reasonable doubt standard is consititionally required only for essential elements of an offense.  and the court explained that, in cases involving offenses that required a knowing or willful mental stated excuse type defense such as duress or necessity to do not controvert that required means rea;

Petitioner Centella feel that not having the effective assistance of counsel deprived petitioner of her Constitution .  The Sixth Amendment provides that "[i] n all criminal prosecutions, the accused shall enjoy the right.... to have the Assistnace of Counsel for his defense. and petitioner feel that her counsel did not provide effective assistnace of counsel and all these defendant or her right to appeal her case. Petitioner did not agree with the sentence impose petitioner feel that this is an unjust sentence and If "illegality" is defined there is way and the goal is to prevent "illegal " sentences and convictions, the only way to achieve that goal is to abolish the conteporaneous objection rule not just in booker error cases but ina all criminal cases.  Petitioner (pro se) to this Honorable Court to seeking the correctional of her sentence pursuant to 18 U.S.C 2255 (a)(1)(2) she asks this court to give petitioenr the opportunity to have a re-hearing and allow her to have a sentence reduce.

Petitioner Centella respectfully directs this court's attention to the support of the instant motion and of the reasons set forth therein the petitioner respectfully requests that the court grant her motion and vacate the sentence or remand her sentence accordingly.

Petitioner Centella reespecfully submits this motion and pray that this Honorable Court accept this Motion and Correct her illegal sentence imposed using sentencing factors and conduct considered relevant conduct in violation of her Sixth Amendment Right in the Constittuion and her due

process rights of the judicial system.  Petitioner presents this motion in support of her sentence this conduct was not charged in the charging document this conduct was not admitted to or agreed in the plea agreement

Petitioner's sentence is a sentence that should be reserved for murders, rapists, and child molesters not a woman that never had any conviction and that this is her first offense.

Petitioner Centella submits that her sentence is unjust, grossly, unfair or disaproportionate to her involvement in the crime committed, Petitioner respectfully asks this court to consider the sentence impose and to reduce the setnence to a lower levels which is more representative goals of the criminal justice would be better served by a reduction would reflect the potential for reform and would more closely reflect consideration of fearness and justice.

Also petitioner feel that such a reduction will more fully serve the needs of society and respectfully submits that this cours of action would be more just and proper, based upon the crime involved her potential for reform her individual circumstances and other factors .

**Ineffective Assistance of Counsel**

It is axiomatic that the Sixth Amendment guarantees the right to the effective assistnce of counsel.  Strickland v Washington, 466 U.S. 668, 104, S. Ct. 2052, 80 L Ed 2d 674 (1984).  This right guarantees that the criminal defendants will receive assitance of counsel which will not be reddled with error and incompetnence tot eh point at which it constitutes a vioaltion of the right to have an attorney. "Counsel can... deprive defen- dant of the right to effective assistance of simply by failing to render adequate legal assistance. Id., at 686 .

A claim of ineffective assistnace of counsel is a mixed question of law

and fact reviewed de nove.  United States va Angeleno , 894 F.2d 1129,
1130 (9th Cir 1990).  To prevail on such a claim under Strickland a petitioner
must establish (a) that his counsel's representation was outside the wide
range of professionally competent assistance and (b)that she was prejudiced
by reasons of his counsel's representation Strickland , 466 U.S. at 687-88
An Attorney's performance is deficient if it falls below an "objective stan-
dar of reasonablenes.  "Strickland  466 U.S. at 688.

   In  the present case, attorney limited understanding of petitioner's
clients's transactions and the pertinent procedures and regulations prevented
counsel from rising to the "range of competence demand of attorney's" Hill
supra.

## 2. FAIR AND JUST REASON

   It has been that the term"fair and just reason" lacks any presense of
scientfic exactness' United States Barker, 514 F2.d 208, 220 (D.C Cir 1975)

   Nonetheless, this court has attemped to provide shape to this term by
holding that a court shall" vacate a ple of guilty shown to have been unfarily
obtained or given through ignorance , fear or inardvertence. United States
v Rubalcaba, 811 F.2d 491, 493 (9th Cir 1986)(quoting Kercheval v United
States 274 U.S. 220 , 224, 47 S. Ct. 582 71 Led. 1009 (1972).

## 3.VOLUNTARINESS

   The concept of ineffective assistnace of counsel also applies to quilty
pleas.  United States v Keller 902 F.2d 1391, 1394 (9th Cir 1990).  Where
a defendant enters a plea of guilty upon the advice of counsel "the
voluntariness of the plea depends on whether counsel's advice was within the
range of competence demanded by attorneys in criminal cases "Hill 474 U.S
at 56. Indeed.  "During all critical states of a prosecution which must include
the plea bargaining process, it is counsel's duty to consult with the defen-
informed of important developments in the course of the prosecution.  Those

obligations ensure that the ultimate authority remains with the defendant on important decisions and to keep the defendant informed of important decisions and to keep the defendant informed of important developments in the cours of the prosecution.  Those obligations ensure that the ultimate authroity remains with the defendant to make certain fundamental decisions regarding the case, as to whether to pled quilty waive a jury, testify in his or her own behalf or take an appeal Nunes v Mueller, 350 F.3f 1045, 1053 (9th Cir 2003). To show prejudice in the context of a plea agreement. "the defendant must show that there is reasonable probability that, but for counsel's errors. she would not have pleaded and would have insisted on going trial" Hill 474 U.S. AT 59 United states v Baramdyka, 95 F3d 840, 844 (9th Cir 1996). A claim of ineffective assistance of counsel is generally not cognizable on appeal unless the record is sufficiently complete to allow the appellate court to decide the issue " United states v Swanson, 943 F.2d 1070 , 1072 (9th Cir 1991) In the instant case, the record is sufficient for this court to review petitioner's claim.

Petitioner Centella was never aware of the consequences of her going to trail counsel never explain to petitioner that by signing the plea agreement she was waiving all her constitutional rights.

Petitioner's shall vacate a plea of guilty shown to have been unfarirly obtained or given through ignorance fear or inadvertence.  United States v Rubalcaba, 811 F.2d 491, 493 (9th Cir 1986)  (quoting Kercheval v United States 274 U.S. 220, 224 47 S Ct. 582 71 Led 1009 (1927).

Petitioner received no benefit in exhange for her quilty plea pursuant to Blakely and Booker , Defendant was entitled to be sentenced only based on her factual admissions and resulting in a base level . The total offense level was calculated with a base offense level ____ for the elements of the offense level of ____ in Criminal History Category I under the 1998 Guidelines Manual "any fact (other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt United States v Booker, 543 U.S. ____125 S. Ct 738 at 756 (Jan 12, 2005)

## SENTENCING ERRORS REQUIRE REMAND

A The Sentencing must be Vacated Because the District Court Failed to Rule on the Specific and Detailed  Factual Objections to the PSR under F.R.Cr P Rule 32. F.R cr. P. Rule 32 , requires a Court to rule on unresolved objections to the pre-sentence report before sentencing , merely imposing sentence is not a sufficient resolution, United States v Carter 219 F.3d 863 867-68 (9th Cir 2000) United States v Standard . 207 F.3d 1136, 1142 (9th Cir 2000).

Defense counsel filed factually detailed objections to the PSR in this case, these objections ranged from specific challenges to the Government's mis-characterization of the exact nature of the case.  Counsel never took the time to explain petititioner the Presentence Report counsel was so ineffective that never rebutle to the objections to thePresentence Report . And the mere fact that the district Court failed to resolve the objections requires to vacate the petitioner's sentence.

The district court never explicitly stated its findings and the resolution.  United States Carter 219 F.3d 863, 867-6 8 (9th Cir 2000)

United States v Standard    207 F.3d 1136, 1142 (9th Cir 2000).

**DEFENDANT WAS SENTENCE BASED ON MATERIALLY INCORRECT INFORMATION**

Defendant's right to due process include the right of not' be sentenced on the basis of materially incorrect information "United States v Cantrell 433 F. 3d 1269, 06 Cal Daily op. Serv 396, 2006 Daily Journal D.A.R. 565 (9Th Cir Jan,2006) See also United States v Petty , 982 F.2d 1365 70 (9th Cir Jan 13, 1993). Amended by 992 F.2d 1015 (9th Cir 1993).

For all these reasons petitioner pray this Honorable Court to accept this § 2255 Motion and vacate petitioner's sentence and give her the opportunity to have an early release.

Defendant's Centella's rights to due process were violated because she was sentenced on materially incorrect information.

**VIOLATION OF HER RIGHT TO APPEAL**

After Centellas Sentence she requested counsel to file her appeal but counsel was so ineffective that never file petitioner's appeal she mention that there was nothing to appeal, by this Centella was denied her right to appeal.

As seen on Campusano v U.S. 442 F.3 770  when a claims that his attorney failed to file a requested notice of appeal, the following proceedings will ensure (1) a hearing before the district court pursuant to 2255 to determine whether the client requested the appeal (2) an appeal from the district court's ruling should either party seek one and (3) a direct appeal if the defendant did in fact requested that a notice of appeal be filed. the approach advocated by the government and the district court would entail the following (1) a proceeding before the district court pursuant to 2255 in which the district court may dismiss the motion if the court

finds that the appeal would have been meritless (2) an appeal from the
district court's ruling, shoud either party seek one, and (3) a direct
appeal if the defendant prevails on his ineffective assistance challenge.

As the Supreme Court has stated "[t]hose whose right to appeal has
been frustrated should be treated exactly lke any other appellants they
should not be given an additional hurdle to clear just because their rights
were violated at some earlier stage in the proceedings. "Rodriguez v
United States 395 U.S. 327, 330 89 S. Ct. 1715 23 L.Ed. 2d 340 (1969) The
concern animation Flores-Ortega that defendants not be foreced by attorney
error to accept the forfeiture of a proceeding itself" as a powerful one
even where the defendant is the only person who belive an appeal would
be worthwhile.

Petitioner Centella never agree with the sentence impose she ask
counsel several times to file her appeal, but counsel refuse to do the
filing and all this deprived petitioenr of her constitutional rights and for
all these petitioner feel that this Honorable Court should Grant a re-hearing

For all these reasons petitioner pray that this Honorable court accept
this motion and grant petitioner a lower sentence and allow her to have
a fresh start with her children petitioner Centella feels that 36 months
is an unjust sentece based on the crime committed and knowing that she was
a minimal participant , and that the leader on the role only got 60 months
petitioener's base level was level 12 this only carries a sentence from
10 to 16 months based on Criminal History 1 petitioner was sentence of 20
more months that stated on the Sentencing Guidelines causing this an
extremerly hardship on petitioner's sentence .

Counsel never explain to petitioner the process of her case counsel
never explain petitioner the plea agreementt, petitioner did not agree

with the plea agreement she was induce by her counsel to sign the
plea not knowing the consequences counsel did not disclose to petitioner
that by signing the plea contract she was certain to be sentenced to
additional months by the Probation Officer who authored the PSR adhesion
contract with unlawful sentence .

Due Process of law requires that a defendant reasonable expectations
of benefit from a plea agreement be respected and that she not be held
to an unconscionable agreement be respected and tht she not be held to
an unconscionable agreement abasent proof that his consent to the risk
of harm resulting from the agreement was fully informed , a majority of
the U.S. Court of Appeals for the Sixth Circuit in United States v Randolph

In a very similar circumstnaces of Randolph Judge James L Ryan's majority
opinion for Sixth Circuit acknowledged that plea agreements are contracts
are to be interpreted and enforced using principles of contract law.

The majority continued" Santobello v New York  . It has long been reco-
gnized that " a guilty plea is grave and solemn act to be accepted only with
care and discernment" Brady v United States  397 U.S. 742 (1970). By
pleading quilty , a defendant waives several fundamental Constitution rights
including the fifth Amendment righ not to be a witness against herself and
her Sixth Amendment right to a jury trial. She releases the government
from its burden of having to prove her quilty beyond a reasonable doubt.
and she forsakes hr right to be confronted with the witnesses against her
Brady 397 U.S. at 748.

Accordingly, a guilty plea unequivocally must be voluntarily and
knowingly made. Boykin v Alabama  395 U.S. 238, 242-43-89. S. Ct. 1709
23 L . 2d 274 (1969). If the defendant's quilty plea is not equally volu-
ntarily and intelligent choice among the alternative courses of action
open to the defendant. "Hill v Lockhart, 474 U.S. 52, 46, 88 L.Ed

2d 203, 166 S. Ct 366 (1985).  In Accordance with these principles

Rule 11 (d) of the Federal Rules of Criminal Procedure provides that a

defendant may withdraw her quilty plea prior to sentencing whenever

there is a "fair and jsut reason " for doing so United States v Nostratis

321 F.3d 1206, 1208 (9th Cir 2003).   While a defendant does not always

have a right to withdreaw her plea of guilty, there is no limitation on

the withdrawal and such a request should be "freely granted" by the

district court  United States v Navarro Flores 628 F.2d 1178, 1183 (9th Cir

1980) United States v Castello 724 F.2d 813, 814 (9th Cir 1984). A district

court's decision whether to grant a motion for withdrawal of a guilty plea

is reviewed by this court for abuse of discretion United States v Turnipseed

159 F.3d 383, 387 (9th Cir 1998). See Nostratis  321 F.3d at 1208 N.1.

For all these reasons petitioner pray that this Honorable Court

accept this motin and grant petitioner the opportunity to be heard

and allow her to have a sentence reduce, and give her the opportunity to

have a complete 6 months halfway house not just 2 months in a half.

Petitioner pray that this Court  GRANT   her a sentence reduce and give

the opportunity to be with her family.


**RESPECTFULLY SUBMITTED ON THIS 24 DAY OF NOVEMBER 2007;**

                                        RESPECTFULLY

                                        Perla Centella #99491-198
                                        Federal Correctional Camp
                                        P.O. BOX 5100
                                        ADELANTO, CA. 92301

## CERTIFICATE OF SERVICE

This is to Certified that I Perla Centella deposit this § 2255 Motion

on a Federal Correctional Camp in the City of Adelanto, Ca. 92301

Mailbox on this 24 day of November, 2007

_Perla Centella_

Perla Centella # 99491-198
Federal Correctional Camp
P.O. Box 5100
Adelanto, Ca. 92301

```
ᒪ   VVM3K  540*23  *           SENTENCE MONITORING          *      11-15-2007
    PAGE 001         *           COMPUTATION DATA             *      15:48:15
                                 AS OF 11-15-2007
```

REGNO..: 99491-198 NAME: CENTELLA, PERLA


```
FBI NO...........: 496130RB1          DATE OF BIRTH: 03-24-1971
ARS1.............: VVM/A-DES
UNIT.............: G                  QUARTERS.....: G09-070U
DETAINERS........: NO                 NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 06-13-2009

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-15-2009 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 06CR1195-LAB
JUDGE...........................: BURNS
DATE SENTENCED/PROBATION IMPOSED: 02-12-2007
DATE COMMITTED..................: 02-12-2007
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
               FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00       $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY: NO  SERVICES: NO        AMOUNT:  $00.00
```

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  172
OFF/CHG: 8:1324(A)(2)(B)(II) AND 18:2 BRINGING IN ILLEGAL ALIENS FOR
         FINANCIAL GAIN AND AIDING AND ABETTING

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 06-08-2006
```

G0002       MORE PAGES TO FOLLOW . . . .

```
VVM3K  540*23 *            SENTENCE MONITORING          *      11-15-2007
PAGE 002 OF 002 *           COMPUTATION DATA            *      15:48:15
                            AS OF 11-15-2007

REGNO..: 99491-198 NAME: CENTELLA, PERLA


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-10-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-17-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 02-12-2007
TOTAL TERM IN EFFECT............:    36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS
EARLIEST DATE OF OFFENSE........: 06-08-2006

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     06-08-2006     06-15-2006

TOTAL PRIOR CREDIT TIME.........: 8
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 141
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 09-15-2009
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-03-2010


PROJECTED SATISFACTION DATE.....: 09-15-2009
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```